IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RACHEL HARTZELL**<br><br>**Plaintiff**<br><br>v.<br><br>**ANTARPAL TOOR and TOOR TRANSPORT INC**<br><br>**Defendants** | **No.** 22-3980<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Rachel Hartzell, by and through counsel, Cohen, Feeley, Altemose & Rambo, P.C., brings this Complaint against Antarpal Toor and Toor Transport Inc., and in support hereof avers as follows:

### PARTIES

1. Plaintiff, Rachel Hartzell ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 3024 Mountain View Drive, Bath, Pennsylvania 18014.

2. Defendant, Antarpal Toor, is an adult individual and citizen of the State of New York, residing at 8436 258th Street, Floral Park, New York 11011.

3. Defendant, Toor Transport Inc. ("Toor Transport") is a corporation, partnership, limited partnership, incorporated association, unincorporated association, limited liability corporation, limited liability partnership or other business entity that it is a

citizen of the State of New York, where it maintains a registered office and regular place of business at 55-44 137th Street, Apartment 3C, Flushing, New York 11355.

4. At all times relevant hereto, Defendant, Toor Transport, acted individually and by and through its agents, servants, workmen and/or employees, acting within the course and scope of their employment and in furtherance of Defendant's business interests, including but not limited to Defendant, Antarpal Toor.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction under Section 1332(a)(1) of Title 28 of the United States Code, 28 U.S.C. Section 1332(a)(1) and (a)(2).

6. This Court has venue over this action pursuant to 28 U.S.C. Section 1391(b)(2).

7. On or about December 21, 2020, Plaintiff was traveling in the left-hand, northbound lane of Airport Road, South of Grove Street, in Lehigh County, Pennsylvania.

8. At the date and place aforesaid, Defendant, Antarpal Toor, was operating a large tractor-trailer truck ("truck") that was owned and entrusted to him by Defendant, Toor Transport, and was stopped at the stop sign posted on Grove Street as he was attempting to enter onto Airport Road.

9. As Plaintiff approached the aforesaid intersection of Airport Road and Grove Street, Defendant, Antarpal Toor, pulled out from the aforementioned stop sign and entered onto the northbound lanes of Airport Road, despite Plaintiff having the right-of-way and Plaintiff's vehicle being in plain view and so close as to constitute a hazard, causing a violent collision between the two vehicles.

10. As a direct and proximate result of the foregoing, the Plaintiff suffered the injuries and damages more fully set forth at length below.

## COUNT I

### Rachel Hartzell v. Antarpal Toor

11. Plaintiff, Rachel Hartzell, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

12. The aforesaid accident was caused by the negligence and carelessness of Defendant, Antarpal Toor, in that he, *inter alia,* did:

> (a). attempt to and did enter onto Airport Road from Grove Street when it constituted a hazard to do so and when Plaintiff's vehicle had the right-of-way;
>
> (b). fail to activate his turn signals, or fail to activate his turn signals a reasonable time before he intended to enter onto Airport Road;
>
> (c). fail to keep a diligent watch upon the roadway;
>
> (d). fail to look and continue to look for approaching vehicles before entering Airport Road;
>
> (d). fail to see Plaintiff's vehicle when Plaintiff's vehicle was in open plain view upon the roadway and so close as to constitute a hazard;
>
> (e). enter upon the roadway as aforesaid when he did not have a clear view and could not see approaching vehicles;
>
> (e). disregard the location and speed of Plaintiff's vehicle prior to entering or attempting to enter onto Airport Road;
>
> (f). fail to apply his brakes in a timely fashion in order to avoid colliding with Plaintiff's vehicle;
>
> (g). fail to swerve the truck or otherwise evade a collision with Plaintiff's vehicle;
>
> (h). fail to maintain a safe distance between the truck and the Plaintiff's vehicle;
>
> (i). operate the truck when he knew, or should have known, that he was not properly trained, qualified and certified to operate same in a safe and prudent manner;

3

(j). fail to obtain proper training necessary for him to operate the truck in a safe and prudent manner;

(k). operate the truck when he was distracted and when he knew, or should have known, that he was distracted and that his distraction rendered him incapable of operating the truck in a safe and prudent manner;

(l). operate the truck when he had not had sufficient sleep or rest, and when he knew, or should have known, that he had not had sufficient sleep or rest and that this rendered him incapable of operating the truck in a safe and prudent manner;

(m). operate the truck in violation of Defendant's, Toor Transport Inc.'s, guidelines, policies and procedures and standards of care and safety;

(n). operate the truck in violation of Federal regulations and Federal law;

(o). operate the truck in violation of the laws and statutes of the Commonwealth of Pennsylvania, the requirements of which are incorporated herein by reference, including but not limited to 3323(B): Stop signs and yield signs.

13. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injuries to his bones, joints, muscles, tendons, blood vessels and soft tissues throughout his entire body, both internally and externally, all of which may be permanent, including, but not limited to: arms, legs, neck, back, extremities, head, brain, depression, anxiety, and PTSD.

14. As a direct and proximate result of the foregoing, Plaintiff has been in the past, and will or may be in the future obliged to expend various and diverse sums of money for medicine and medical treatment in an effort to care for, treat and/or cure the above injuries, all to her great loss and detriment.

15. As a direct and proximate result of the foregoing, Plaintiff has in the past been unable to attend to her usual education and/or occupational and employment duties, and thereby has suffered loss and depreciation of earnings and earning power; and she

will or may continue to suffer the same for an indefinite period of time in the future, all to her great financial loss and detriment.

16. As a direct and proximate result of the foregoing, Plaintiff has in the past suffered physical pain, mental anguish, anxiety, embarrassment, and humiliation, and will or may continue to suffer the same for an indefinite period of time in the future, all to her great loss and detriment.

17. As a direct and proximate result of the foregoing, Plaintiff has in the past been unable to engage in her usual and customary social and recreational activities and other life's pleasures, and will or may be prevented from engaging in such activities in the future, all to her great loss and detriment.

WHEREFORE, Plaintiff, Rachel Hartzell, demands judgment against Defendant, Antarpal Toor, in an amount in excess of $150,000.00 plus interest and costs of suit.

## COUNT II

### Rachel Hartzell v. Toor Transport Inc.

18. Plaintiff, Rachel Hartzell, incorporates by reference all preceding paragraphs of this Complaint as if fully set forth at length herein.

19. The aforesaid accident was caused by the negligence and carelessness of Defendant, Toor Transport, Inc., in that it, *inter alia,* did:

    (a). commit the acts of negligence and carelessness committed by its agent, servant, workman and/or employee, Defendant, Antarpal Toor, set forth in Count I above, said averments being incorporated herein by reference;

    (b). permit the truck to be operated on the highways without the same being equipped and supplied with proper brakes, windshield, mirrors, windows, and other safety appliances when it knew, or should have known of such defective conditions;

    (c). fail to properly inspect, care for, clean, repair and maintain the truck in such a

condition as to adequately safeguard the rights, safety and position of Plaintiff and others similarly situated;

(d). direct, order or permit Defendant, Antarpal Toor, to operate the truck when he was too fatigued to safely operate a truck, and when it knew, or should have known that he was too fatigued to safely operate a truck;

(e). entrust the truck to Defendant, Antarpal Toor, on the date of the accident when it knew or should have known that he had previously operated a vehicle and engaged in other conduct in a negligent and/or reckless manner;

(f). entrust the truck to Defendant, Antarpal Toor, when it knew or should have known that he had a propensity to act in a negligent or reckless manner;

(g). direct, order or permit Defendant, Antarpal Toor, to operate the truck when it knew or should have known that he intended to or was likely to use the truck or to conduct himself as a driver in such a manner as to create an unreasonable risk of harm to others in violation of the Restatement (Second) of Torts Section 308;

(h). direct, order or permit Defendant, Antarpal Toor, to operate the truck when it knew, or should have known, that he was not properly trained, qualified and certified to operate the truck in a safe and prudent manner;

(i). fail to provide sufficient and proper instruction, education and training to Defendant, Antarpal Toor, that was necessary for him to operate the truck in a safe and prudent manner;

(j). direct, order or permit Defendant, Antarpal Toor, to operate the truck without him or another employee or independent contractor retained by Defendant first performing proper safety inspection, maintenance and repairs, and when it knew or should have known that said proper safety inspections, maintenance and repairs were not performed and that this created an unreasonable risk of harm to others;

(k). order, permit or direct Defendant, Antarpal Toor, to operate the truck when he was distracted and when it knew, or should have known, that he was distracted and that his distraction rendered him incapable of operating the truck in a safe and prudent manner;

(l). fail to hire, employ and/or promote various agents, servants, workmen and/or employees with the responsibility and obligation to properly inspect, maintain, service and/or repair said truck and to train operators of trucks;

(m). fail to use reasonable care in hiring, supervising, employing and/or promoting Defendant, Antarpal Toor, and the agents, servants, workmen and/or employees who had the responsibility and obligation to properly inspect, maintain, service and/or repair said truck and to train operators of trucks;

(n). permit, Defendant, Antarpal Toor, and the various agents, servants, workmen and/or employees who had the responsibility and obligation to properly inspect, maintain, service and/or repair said truck and to train operators of trucks to continue to work as agents, servants, workmen and/or employees, when said Defendant knew, or should have known, that said agents, servants, workmen and/or employees were unable to, refusing to and/or incapable of properly performing said requirements of their respective employments;

(o). fail to establish procedures and programs to ensure that trucks being operated by its employees were properly inspected, maintained serviced and/or repaired; to ensure that its operators and the employees charged with inspecting, maintaining, servicing and/or repairing said trucks were properly trained, competent, capable of or actually performing the requirements of their employment; to ensure that its operators and the employees charged with inspecting, maintaining, servicing and/or repairing said trucks were complying with Defendant's policies, procedures, guidelines and standards of care and safety; and to ensure that it, and its employees were complying with all state statutes and Federal Motor Carrier Safety Regulations;

(p). act or failed to act as set forth hereinabove, despite its knowledge of the severe risks of harm presented to operators of other vehicles upon the roadway resulting therefrom.

20.    As a direct and proximate result of the foregoing, Plaintiff was caused to suffer the injuries and damages more fully set forth at length in Count I above, said averments being incorporated herein by reference.

WHEREFORE, Plaintiff, Rachel Hartzell, demands judgment against Defendant, Toor Transport Inc., in an amount in excess of $150,000.00 plus interest and costs of suit.

Respectfully submitted,

**COHEN, FEELEY, ALTEMOSE & RAMBO, P.C.**

BY: _____
William Clifford Rambo, Esq.
Attorney ID: 318764
2851 Baglyos Circle, Suite 200
Bethlehem, PA 18020
(610) 625-2100
wrambo@cohenfeeley.com
***Attorney for Plaintiff***

Dated: October 6, 2022

## VERIFICATION

      The Undersigned verifies that he/she has read the attached pleading and that it is true and correct to the best of his/her knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, signer has relied upon counsel in taking this Verification. Also, in the event that the pleading contains inconsistent averments, the undersigned has been unable after reasonable investigation to ascertain which of the inconsistent averments are true but that the undersigned has knowledge or information sufficient to form a belief that one of them is true.

      This verification is made subject to the penalties of 18 P.S. Section 4904 relating to unsworn falsification to authorities.

Date: 9/22/22

_Rachel Hartzell_
Rachel Hartzell